THE UNION SAVINGS BANK & TRUST COMPANY v. THE
PIKE BUILDING COMPANY.

In a foreclosure suit the power to control the subject-matter of
the lien is incidental to jurisdiction of the cause from its
commencement.

HOSEA, J.

Heard on motion for receiver.

I entertain no doubt, that, in a foreclosure suit of this nature, the control—or the power of control—the subject-matter of the lien, is incidental to the court's jurisdiction of the cause from its commencement; and this is for fundamental reasons, one of which is, that, as the suit has reference to action upon a specific estate and no other, the court must, in the nature of things, have this control in order to be able to enforce its own decree. In this sense, at least, it is a suit *in rem.* Nor can there be any doubt of the power of the court to exercise this control in a special way —as by taking the estate into actual possession by a receiver—whenever any of the statutory grounds exist.

The interests here involved are unusually large, and the natures of the lien and of the estate are peculiar. The lien is upon a complicated leasehold with many conditions and covenants to be performed to avoid forfeiture, and with

fixed charges to be provided for in large amounts from time to time. Its present condition of absolute paralysis as to its power to produce income to meet these charges, coupled with the insolvency of the mortgagor, make the danger of material injury imminent; and the only visible source of protection against these and perhaps other evils, is the large interest of the bondholders which they must protect by advances in order to prevent disaster. It seems to me, therefore, in an especial and peculiar sense, a case where the power of the court ought to be exerted to preserve this estate by taking it into actual possession for the general benefit, thus placing the bondholders in such a position as to justify the necessary advances.

I feel myself morally constrained to take this course, because the investors have a strong moral as well as legal right to ask this to be done. They have invested their money upon the faith of the direct remedy in a court with full equity powers, which their contract with the defendant gave them; and it is the inviolability of this character of security, and of its direct method of enforcement, which gives to bonds, which circulate by mere delivery, their value. Any failure of the court to aid the free exercise of this remedy, in cases of this nature, would be a public misfortune, because it would tend to render difficult the raising of money in meritorious enterprises in the future by destroying the fundamental basis of the confidence of investors.

And these considerations, with others, lead me to the conclusion that a proceeding in the insolvency court is not in any proper sense an equivalent remedy, even from the standpoint of the mortgagor; but, certainly, the interests of the bondholders, acquired upon the faith of a lien enforceable in a forum of their own selection and possessing full equity powers, require that the suit to foreclose should be unembarrassed by extraneous considerations.

I am satisfied also that this court has acquired, and is entitled to exercise jurisdiction in the premises exclusive of the insolvency court. Without going beyond the ground indicated in the maxim, *Prior in tempore, potior est in jure,* is is clearly established, as a fact in the case, that this peti-

tion was filed and a summons issued an appreciable period of time—about a quarter of an hour—before the deed of assignment was filed.

It is settled that the jurisdiction of the court over the cause attaches when the action is commenced (33 O. S., 523), provided of course that service be actually made within sixty days (Rev. Stat., 4988).

As I have already indicated, in a suit of this nature the control of the *res* is a primary and necessary incident of the jurisdiction; consequently, no other tribunal can acquire an adverse control after suit is begun. There can be no doubt, upon the facts here, that this court had actually acquired jurisdiction before the deed of assignment was filed, in the manner and by the means established by law. The case is therefore governed on this point by Section 4134 R. S., and by Section 6351 R. S. (as amended 1898).

In the limited time at my disposal, it is of course impossible to present here an analysis of the arguments delivered at the hearing, which, I desire to say, were exceedingly helpful to the court by reason of their clearness and force, due to the great ability of counsel and the careful preparation on both sides.

The broad considerations that influence me here, constrain me also in the same direction for another reason, namely, a recognition of the duty which the court owes to its own dignity to maintain and enforce its own jurisdiction for the public good. The prosperity and well-being of the community demands a just and consistent administration of the law without fear or favor; and especially demands the utmost good faith on the part of courts to enforce remedies according to the established methods, no less than of litigants who make contracts with reference to those remedies.

My conviction is clear that justice to all parties requires that this court should assume and exercise full jurisdiction in the premises.

The motion for the appointment of a receiver will be granted; counsel will be given an opportunity to agree upon a suitable party to be approved by the court, in default of

which, the court will select; and the assignee will be made a party defendant.

Motion granted.

*Thos. H. Kelly, Drausin Wulsin, J. H. Bromwell* and *John C. Healy,* for the Union Savings Bank & Trust Co.

*C. B. Matthews* and *John C. Rogers,* for the Pike Building Co.